UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. HEALEY,                : CIVIL NO. **1:04-CV-1530**
                                :
        Plaintiff               : (Judge Kane)
                                :
    v.                          : (Magistrate Judge Smyser)
                                :
JO ANNE B. BARNHART,            :
Commissioner of                 :
Social Security,                :
                                :
        Defendant               :

## **REPORT AND RECOMMENDATION**

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

On January 15, 2002, the plaintiff, James A. Healey, applied for disability insurance benefits. He claimed that he became disabled on January 4, 2002, as the result of a hearing impairment and emotional problems. The claim was denied

initially and on reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on January 29, 2004.  Tr. 37-67.

At this hearing the plaintiff, the plaintiff's wife and a vocational expert testified.  The plaintiff worked for twenty years for the New York Transit Authority and retired on a disability pension when he was unable to continue to work because of a hearing disability.  He then performed school district custodial work, but resigned from that work to which he could not adjust.  He can hear when there are not competing sounds.  His depression is connected to the loss of railroad work, which he enjoyed.  He uses antidepressant medications.  He experiences dizziness at times.  His wife described his activities as limited and unfocused.  A vocational expert stated that there are jobs that a person with a residual functional capacity for light work and the plaintiff's work history, education and a hearing impairment could perform.  The vocational expert was asked:

> Let's assume we're dealing with a
> hypothetical claimant who has the
> same vocational profile as Mr. Healey

has and as you just described, in terms of his age, his education, his past relevant work experience. I want you to assume this hypothetical claimant also essentially has the medical history as outlined in today's testimony. Now let's assume this hypothetical claimant, in terms of physical demands, would be limited to say light work, which is occasionally lifting and carrying 20 pounds, 10 pounds frequently, if given opportunity to change his position, he would be able to sustain a full 8-hour work day with a combination of sitting, standing, walking up to one hour at most at any given time before he would need the opportunity to change his position in addition to normal breaks and lunch periods. This hypothetical claimant does have a severe hearing loss. The hearing loss would limit the type of work environment where he could work. First of all, he would not be able to work in an environment with noises, loud noises that could cause further hearing damage. Our hypothetical claimant would have difficulty dealing and working in a job where he had to have hear [sic] communication in, in large crowds because of background noise. The hypothetical claimant in terms of functioning in an occupation where he had to respond to oral directives would need the type of work environment where the person giving those directives would be in a one on one situation speaking directly to him. Our hypothetical claimant is under treatment for

3

>           depression.  He's on medications.
>           The claimant, at this point in time,
>           doesn't seem to have any serious
>           impediment in terms of the ability to
>           do tasks which would go beyond the
>           simple tasks.  From an emotional
>           standpoint he would be able to do
>           some varied tasks and tasks that are
>           somewhat complex in, in line with his
>           educational level.  Now, this
>           hypothetical claimant can respond
>           appropriately to co-workers,
>           supervisors, to the usual work
>           setting, and the changes that
>           typically take place in a work
>           setting.  Now with that overall
>           residual functional capacity and
>           given the limitations from both the
>           physical standpoint and with regard
>           to his hearing, would, in your
>           opinion, would this hypothetical
>           claimant be able to perform any of
>           his past relevant work.

Tr. 61-63.  The vocational expert stated that the person could not do the plaintiff's past relevant work, but could do certain jobs, which he identified.

On February 23, 2004, the ALJ issued his decision denying the plaintiff benefits.  Tr. 23-30.  The Appeals Council denied the plaintiff's request for review (Tr.5), making the ALJ's decision the final decision of the Commissioner.

4

The plaintiff filed his complaint with this court on July 15, 2004. The defendant filed an answer to the complaint and a copy of the administrative record on September 20, 2004. Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on November 1, 2004 and the defendant filed her brief on December 6, 2004. No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately

5

developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence.  *Id*. at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  The

6

Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work. *See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

The disability determination involves shifting burdens of proof. The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has a combination of impairments (bilateral

hearing loss, osteoarthritis and depression) that is severe, that his impairments do not meet or equal any listed impairments, and that he is not able to perform his past relevant work. The ALJ further determined that the plaintiff has the residual functional capacity[1] to perform the light work jobs identified by the vocational expert.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff argues that the ALJ made assertions of fact that are not supported by the record, erred in finding that the plaintiff has a residual functional capacity for light work, and failed to base a finding that the plaintiff can perform a significant number of jobs available in the national economy on substantial evidence.

---

1. "Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

The ALJ wrote that he found the hearing testimony and written statements from the claimant contained in the record to be reasonably credible.  (Tr. 26).

The ALJ took testimony from a vocational expert that a person who has the plaintiff's vocational profile, who has the plaintiff's medical history, who had testified about his residual functional capacity as had the plaintiff and who had testified credibly, could not perform substantial gainful activity.  (Tr. 64).

The ALJ based a disability determination denying the plaintiff's application upon a portion of the vocational expert's testimony that responded to questions assuming a residual functional capacity to perform light work.  (Tr. 62). In explaining his decision, the ALJ states that he bases his decision upon the vocational expert's testimony that assumed a person with the plaintiff's "specific work restrictions."

The ALJ states that his finding that the plaintiff can perform light work is based upon the fact that the plaintiff,

who is reasonably credible, has improved depression, has no significant side effects from his medication, does not exhibit significant fatigue, does not take naps, cares for his personal needs, cooks, shops, mows the lawn, does minor home repairs, takes his wife to work and his daughters to school, participates in his daughters' school activities, has a model train collection, attends church, reads magazine articles, takes medications, makes decisions and can understand and carry out instructions. (Tr. 26).

The various findings made by the ALJ concerning the plaintiff's daily activities, while they may suggest a more active individual than another fact finder may have found, are not findings of fact that are not supported by the record.  We do not accordingly agree with the plaintiff's argument that these findings are not supported by the record.

The burden had shifted to the Commissioner.  Whether the foregoing findings of fact support a finding of a capacity on the plaintiff's part to perform a light work job is to be reviewed in that context.  Exertional limitations do not appear

to be in issue.  The plaintiff's physician's physical capacities evaluation (Tr. 227) does support the ALJ's residual functional capacity findings.  (Tr. 27).  The plaintiff cites dizziness problems, but cites his treating physician's evaluation which presumably took those into account.  We do not agree with the plaintiff's argument that there was not substantial evidence to support a finding of a residual functional capacity for light work.

Although the ALJ did not discuss that portion of the vocational expert's testimony that would have yielded a finding of an inability to perform substantial gainful activity on the part of a credible plaintiff, and although the ALJ found a "reasonably credible" plaintiff, the record does contain substantial evidence to support a finding of a residual functional capacity for light work, and we can not find in the record (nor does the plaintiff point us to) a clear basis for the determination that a reasonably credible plaintiff on this record does not have the residual functional capacity to perform light work.

11

The plaintiff argues that the ALJ failed to meet his burden of showing that a significant number of jobs exist in the national economy that a person with the residual functional capacity and vocational characteristics found by the ALJ, as for the plaintiff, can perform.  The vocational expert's description of jobs available to a person with the plaintiff's vocational characteristics and residual functional capacity is not more than 700 jobs in northeastern Pennsylvania.  He would be able to work as a night patrol inspector, as a marker or as a packager, the vocational expert stated.  Plaintiff's counsel asserts in the brief for the plaintiff that plaintiff's counsel has doubts that a company would hire someone for patrol responsibilities whose hearing is impaired.  Counsel in this motion fails to adhere to the requirement and expectation that counsel will argue inferences based upon evidence.  When counsel questioned the vocational expert along these lines, Tr. 65, the witness did not acknowledge the necessity for any aural element to the performance of patrol responsibilities.  If we were the fact finder, we might have questioned that.  Since the fact finder based the decision on evidence, however, we can not say that the decision is not based upon evidence.

12

It is recommended that the appeal of the plaintiff be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   January 11, 2005.