## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. HEALEY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:04-CV-1530** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

Before this Court are Plaintiff's Complaint regarding review of an Administrative Law Judge's ("ALJ") decision (Doc. No. 1), Magistrate Judge Smyser's Report and Recommendation (Doc. No. 10), Plaintiff's Objections thereto (Doc. No. 11), and Defendant's Response (Doc. No. 14).  Having been fully briefed, the matter is ripe for disposition.

## I.    BACKGROUND

### A.    Procedural Background

Plaintiff has brought this civil action under 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security ("Defendant") to deny Plaintiff's claim for Social Security disability insurance benefits.

On January 15, 2002, Plaintiff James A. Healey applied for disability insurance benefits. He claimed that he became disabled on January 4, 2002, as the result of a hearing impairment and emotional problems.  The claim was denied originally and on reconsideration.  Plaintiff filed a request

for a hearing and a hearing was held before an administrative law judge ("ALJ") on January 29, 2004.

(T.R. 37-67.)

On February 23, 2004, after hearing testimony from Plaintiff, Plaintiff's wife, and a vocational

expert during the hearing, the ALJ issued his decision denying Plaintiff benefits.  (T.R. 23-30.)

Subsequently, the Appeals Council denied Plaintiff's request for review and declared the ALJ's

decision final.  (T.R. 5).

Plaintiff commenced this action for judicial review of Defendant's decision on July 15, 2004.

(Doc. No. 1.)  On January 11, 2005, Magistrate Judge Smyser issued a Report and Recommendation,

recommending that this Court deny Plaintiff's appeal and close the case file. (Doc. No. 10 at 13.)  On

January 18, 2005, Plaintiff filed an Objection to Magistrate Symser's Report and Recommendation.

(Doc. No. 11.)  Defendant filed a Response on February 2, 2005.  (Doc. No. 14.)


**B.      Factual Background**[1]

At the time of the ALJ's final decision, Plaintiff was a fifty year old male, whose main past work

experiences included; employment as a flagman, conductor, tower man, and tower operator for the

New York City Transit Authority.  Additionally, Plaintiff had some experience as a school bus driver

and custodian.

For twenty years, Plaintiff worked for the New York Transit Authority where he worked

mostly underground and was exposed to noise levels of over 85 decibles.  Plaintiff sustained substantial

---

[1]  All facts contained herein are taken from Plaintiff's Complaint.  (Doc. No. 1.)

hearing loss as a result of the noise level in his work environment and was deemed permanently

disabled by the New York Transit Medical Services Department.  Consequently, Plaintiff was removed

from his job for early retirement.

Subsequent to his early retirement and in addition to his hearing impairment, Plaintiff began

experiencing periodic shaking, dizziness, and difficulty concentrating.  In addition to these ailments,

Plaintiff also sought treatment for depression.  Despite these ailments, Plaintiff attempted to sustain

employment as a custodian and school bus driver.  However, Plaintiff alleges that he was unable to

continue to work due to his health conditions and the pain associated with those conditions.

## II.     STANDARD OF REVIEW

When objections to a report and recommendation have been made, the Court must evaluate the

objectionable portions of the report de novo.  28 U.S.C. § 636(b)(1).  The Social Security Act

provides that if there is substantial evidence to support the Commissioner's decision then it must be

affirmed.  42. U.S.C. § 405(g).  Substantial evidence is more than a scintilla and means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  See Richardson v.

Perales, 402 U.S. 389, 391 (1971); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting

Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  Moreover, in an adequately developed factual

record, substantial evidence may be "something less than the weight of the evidence, and the possibility

of drawing two inconsistent conclusions from evidence does not prevent an administrative agency's

decision from being supported by substantial evidence."  Consolo v. Federal Maritime Comm'n, 383

U.S. 607, 620 (1966).

## III.    DISCUSSION

A five step process is required to determine if an applicant is disabled for purposes of social security disability insurance.  In determining whether an individual is disabled, the Commissioner must sequentially determine: 1) whether the applicant is engaged in substantial gainful activity; 2) whether the applicant has a severe impairment; 3) whether the applicant's impairment meets or equals a listed impairment; 4) whether the applicant's impairment prevents the applicant from doing past relevant work; and 5) whether the applicant's impairment prevents the applicant from doing any other work.  20 C.F.R. §§ 404.1520(a)-(f) and 416.920(a)-(f).

The sequential evaluation process is a series of five "steps" that are followed in a set order.  20 C.F.R. §§ 404.1520(a) and 416.920(a).  The disability determination involves shifting burdens of proof.  Initially, the claimant bears the burden of proving both steps one and two by demonstrating that he is unable to engage in substantial gainful activity by reason of medical impairment, which has lasted or is expected to last at least twelve months.  Dynko v. Barnhart, 2004 WL 2612260 *3 (E.D. Pa. 2004).  In the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R.  § 404.1520(d).  If the claimant's impairment matches or is "equal" to one of the listed impairments, he qualifies for benefits without further inquiry.  § 416.920(d).  If the claimant cannot qualify under the listings, the analysis proceeds to the fourth and fifth steps.  At these steps, the burden is on the Commissioner to show whether the claimant can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience.  Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).  If the claimant cannot do his past work or other work, he qualifies for benefits.  §§ 416.920(e) and (f).

4

Plaintiff asserts three objections to the Report and Recommendation filed by Magistrate Judge Smyser. (Doc. Nos. 10, 11.) First, Plaintiff contends that the Magistrate Judge erred in failing to find that the ALJ improperly made assertions of fact that were unsupported by the record. (Doc. No. 11 at 2.) Next, Plaintiff argues that the Magistrate Judge improperly determined that the ALJ did not err in finding that Plaintiff has a residual functional capacity to perform light work. (Id. at 2.) Finally, Plaintiff argues that the Magistrate Judge improperly determined that the ALJ meet his burden of showing that work exists in the national economy that the Claimant could perform. (Id. at 4.) The Court will address each objection in turn.

### A.    Whether the ALJ Made Assertions of Fact Unsupported by the Record

Plaintiff contends that the Magistrate Judge erred in determining that the ALJ's findings concerning Plaintiff's activities were supported by the record. (Doc. No. 11 at 2.) However, Plaintiff's contention that the ALJ's findings are unsupported by the record is without merit. The ALJ's discussion of Plaintiff's activities is consistent with Plaintiff's own report of his activities. (T.R. 26, 131-137.)

In Plaintiff's disability report, he indicates that among other things he "brings [his children] to school and gets involved with some activities" (Id. 131); drives a car locally (Id. 132); mows the lawn (Id.); "[does] not do much cooking" (Id.); and splits some of his leisure time between model trains and attending a small church (Id. 133).[2] Although Plaintiff's wife testified to the limited degree to which

---

[2] In his discussion, the ALJ noted that Plaintiff took care of personal needs; cooked; shopped; mowed the law; did minor home repairs; drove his wife to work; drove his daughter to school; participated in some of his daughter's school activities; spent his leisure time with his model train

Plaintiff is able to perform some of the listed activities, the ALJ indicated the consideration of her

testimony within his discussion.  (T.R. 26, 57-59.)  Moreover, while the ALJ does acknowledge that he

finds the hearing testimony and written statements from Plaintiff contained in the record to be

"reasonably credible," he also states that he does not find them credible "to the extent that total

disability is alleged."  (T.R. 26.)  As such, while the findings made by the ALJ concerning Plaintiff's

daily activities may suggest a more active individual than another fact finder might conclude, the ALJ's

findings are not unsupported by the record.  Consolo, 383 U.S. at 620 (1966)("the possibility of

drawing two inconsistent conclusions from evidence does not prevent an administrative agency's

decision from being supported by substantial evidence").  Accordingly, the Magistrate Judge did not err

in determining that the ALJ's factual findings are substantially supported by the record.

> **B.**      **Whether the ALJ Erred in Finding the Plaintiff has a Residual Functional**
>              **Capacity to Perform Light Work**

Plaintiff asserts that the Magistrate Judge erred in determining that the ALJ correctly found that

Plaintiff has a residual functional capacity to perform light work.[3]  (Doc. No. 11 at 2.)  The

responsibility for deciding a claimant's residual functional capacity ("RFC"), or what a claimant can do

despite his limitations, rests with the ALJ and must be based on consideration of all the evidence.  20

C.F.R. § 404.1546.

_____

collection and attending church; and read magazine articles.  (T.R. 26.)

[3]  "Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  Burnett v. Commissioner of Social Security Adm., 220 F.3d 112, 121 (3d Cir. 2000) (citation omitted).

When considering all the evidence, an ALJ is permitted to make credibility findings.[4]  When evaluating a claimant's credibility, the ALJ is required to ascertain whether he has a medically determinable impairment that could reasonably cause the symptoms alleged.  If so, the ALJ then evaluates the intensity and persistence of the claimant's symptoms to determine whether they limit his capacity to work.  20 C.F.R. § 404.1529.  Here, the ALJ found Plaintiff to be "reasonably credible, but not to the extent that total disability is alleged."  (T.R. 26.)  In support of his finding, the ALJ found that while Plaintiff alleged total disability, he was able to  perform a wide range of activities.  (Id.)  Moreover, the ALJ noted that, while Plaintiff had a severe hearing impairment, he was able to communicate appropriately at the hearing.  (Id.)  Furthermore, the ALJ also noted that, although Plaintiff has musculoskeletal pain, there is no record of any physical therapy, pain management, or pain medication.  (Id.)  The aforementioned discrepancies between Plaintiff's allegations and Plaintiff's testimony or written statements sufficiently support the ALJ's determination that Plaintiff was not reasonably credible to the extent that total disability was alleged.

As such, the ALJ did not err in accepting the impartial vocational expert's testimony that a person with Plaintiff's "specific work restrictions" could perform light work.  Upon consideration of the record before him, the ALJ found that Plaintiff has improved depression, has no significant side effects from his medication, does not exhibit significant fatigue, does not take naps, cares for his personal

---

[4]  Plaintiff addresses the ALJ's finding that Plaintiff was not totally credible in subsection three of his brief, which concerns the issue of whether Plaintiff can perform a significant number of jobs in the national economy.  (Doc. No. 11 at 6.)  However, because an appropriate RFC must be determined before one can assess whether a significant number of jobs exist for the Plaintiff, the Court will include discussion concerning whether the ALJ provided sufficient evidence to determine Plaintiff's credibility in discussing whether an appropriate RFC was established.

needs, cooks, shops, mows the lawn, does minor home repairs, takes his wife to work and his

daughters to school, participates in his daughters school activities, has a model train collection, attends

church, reads magazine articles, takes medications, makes decisions and can understand and carry out

instructions.  (T.R. 26.)  Moreover, Plaintiff's treating physician's physical capacities evaluation

supports the ALJ's residual functional capacity findings.  (T.R. 227.)  Based upon this evidence, the

ALJ found that Plaintiff could perform light work.

Plaintiff alleges that the ALJ's evaluation of the evidence in determining Plaintiff's RFC did not

take into account Plaintiff's continued treatment with his treating physician for his complained of

symptoms including difficulties with fatigue, loss of concentration, and lack of ambition.  (Doc. No. 11

at 3-4.)  Contrary to Plaintiff's allegation, however, the ALJ's RFC assessment did consider these

limitations, as is supported by the record.  To accommodate Plaintiff's fatigue, imbalance, and dizziness,

the ALJ limited him to the minimal demands of light work, and concluded that Plaintiff could not

perform any work that required climbing ladders or scaffolds, or being around unprotected heights.

(T.R. 27, 63-64.)  The ALJ included these limitations in Plaintiff's RFC assessment even though

Plaintiff's treating physician did not report any additional limitations due to Plaintiff's alleged dizziness,

imbalance, and fatigue.  (T.R. 227, 241-242.)

Plaintiff alleges that the ALJ did not consider all of Plaintiff's mental impairments when assessing

his RFC.  The ALJ found that while Plaintiff had depression, he would be able to understand simple,

varied, and complex instructions; remember and carry out simple instructions; make simple work-

related decisions; respond appropriately to supervision, co-workers, and the usual work situations; and

handle changes in an appropriate manner.  (T.R. 27.)  Although the ALJ does not specifically mention

Plaintiff's testimony regarding his past difficulties with supervision and instructions given to him during

previous employment, there is nothing in the ALJ's determination that Plaintiff can perform light work

which indicates that he overtly rejected Plaintiff's testimony.  Moreover, the evidence on record

supports the ALJ's mental assessment for Plaintiff's RFC.[5]  Accordingly, the Magistrate Judge did not

err in determining that the ALJ correctly found that Plaintiff has a residual functional capacity to perform

light work.

**C.      Whether the ALJ Failed to Base a Finding that Plaintiff Can Perform a
         Significant Number of Jobs on Substantial Evidence**

Plaintiff further asserts that the Magistrate Judge improperly determined that the ALJ met his

burden of showing that Plaintiff can perform a significant number of jobs in the national economy based

on substantial evidence.  (Doc. No. 11 at 4.)  As the ALJ found that Plaintiff was unable to perform

past relevant work (T.R. 27), the burden shifted to the Commissioner to prove that Plaintiff could still

engage in substantial gainful activity.  Mason, 994 F.2d at 1064.  At the hearing, an impartial vocational

expert testified that Plaintiff has the capacity to perform such jobs as a night patrol inspector, marker,

and packager.  (T.R. 63.)  The vocational expert noted that in northeastern Pennsylvania there were

_____

[5]  In particular, medical evidence shows that while Plaintiff had depression, he was cooperative,
polite, made good eye-contact, demonstrated good self-care, had no manic symptoms, delusions,
suicidal thought, homicidal thoughts, and had good judgment.  (T.R. 259-260.)  Plaintiff also reported
that he had no problems getting along with family, friends, and neighbors; had no problems going out
into public; could start and complete projects and activites; and had no problem understanding and
carrying out instructions. (T.R. 135-136.)

200-300 night patrol inspector jobs, 100-200 marker jobs, and 100-200 packager jobs.  (Id.)[6]

Although the number of jobs available for Plaintiff were significant in the national economy, Plaintiff contends that the hypothetical jobs discussed by the expert did not take into consideration the effects of his fatigue, imbalance, and dizziness.  (Doc. No. 11 at 5.)  As previously discussed, the ALJ's RFC assessment considered all of the limitations supported by the record.  In particular, the ALJ, in accord with Plaintiff's testimony, the treating physician's report, and the vocational experts testimony, limited Plaintiff to the minimal demands of light work and found that Plaintiff could not perform any work that required climbing ladders or scaffolds or being around unprotected heights.  (T.R. 27.)  As such, the jobs detailed by the vocational expert took all of Plaintiff's alleged ailments into consideration. Accordingly, the Magistrate Judge did not err in finding that the Commissioner had met its burden of proof by establishing with substantial evidence that Plaintiff could perform a significant number of jobs which exist in the national economy.

Based upon the above, the Magistrate Judge's report and recommendation will be adopted and Plaintiff's appeal for remand to the Commissioner will be denied.

---

[6]  See Craigie v. Bowen, 835 F.2d 56, 58 (3d Cir. 1987)(stating that 200 jobs within the claimant's region "is a clear indication" that there are a significant number of jobs that exist in the national economy).

**V.     ORDER**

**AND NOW**, this 25th day of April 2005, for the above reasons and all other reasons fully

stated in Magistrate Judge Smyser's Report and Recommendation (Doc. No. 10 ), **IT IS HEREBY**

**ORDERED THAT:**

1.     The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Smyser
       (Doc. No. 10).

2.     Plaintiff's Objections to Magistrate Judge Smyser's Report and Recommendation
       (Doc. No. 11) are **OVERRULED**.

3.     Plaintiff's appeal for remand to the Commissioner of Social Security (Doc. No. 1) is
       **DENIED**.

4.     The Clerk of Court shall close the file.

            S/ Yvette Kane

Yvette Kane

United States District Judge